UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARVIN LEE PRINCE,

        Plaintiff,

v.

ROB RYDER et al,

        Defendants.

_____/

Case No. 1:07-cv-369

Honorable Richard Alan Enslen

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed as frivolous.

**Discussion**

Plaintiff is incarcerated at Richard A Handlon Correctional Facility (MTU). In his *pro se* complaint, he sues Huron Valley Correctional Facility (HVM) Assistant Deputy Warden Roy Ryder, HVM Assistant Resident Unit Supervisor (ARUS) (Unknown) Broadus, Michigan Department of Corrections (MDOC) Regional Director (Unknown) Meno, Bellamy Creek Facility (IBC) Correctional Officer (Unknown) Duman, MTU Registered Nurses Robin Miller and Carol Domoska, Physician Assistant Donna Rohrs, MTU Warden John Prelesnik, R.D. Meno, Ionia Community Hospital Doctors Angel Melody and Scott Holmes and Riverside Correctional Facility ARUS (Unknown) Sutherland.

Plaintiff's complaint should be dismissed as frivolous. An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. Claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access

to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99.  A complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

Plaintiff's allegations lack a rational basis in fact.  For example, Plaintiff alleges in part (quoted verbatim):

> ARUS broodus had a correction officer go put something in my coffee.  I walked around a few days being exposed to the same chemical agent that killed tim-othy Joe Souders.  On Dec 27, 03 I walk or stubble out my cell and colapse and took to a st. Jose hospital in ypsilanti county where later pronounced dead and placed in basement morgue on a slab naked.  While Prison Files was being altered and them having someone pull that Motion From Court Filed.  A frieghten nurse white female wnds from a Foreign County of a student calls the Michigan Department of Corrections telling Prince revived and is alive again what do she do, on Jan 6, 04. Corrections officers rushed back to Prevent Prince From telling how he was murdered and Kelp From reporting this by constant exposure to these various Prison devises, threats, intimidating and sexually abused while sabotaging Prince appeal.  This attempted murder is a crime while was done to Keep Prince From exposing several criminal activities thats going on behind these walls.  Back at huron valley men RTP where even holding group meet-ing to help them cope with their fellow inmate who had died and staff verified death.
>
> \*   \*   \*
>
> While being gased by this chemical agent being pumped into units and cells that acts like that of carbon dioxide but oderless and flamable that causes dehydration like in timothy Joe souders case. The bunks are riged with a devise that produces a current that causes a relax state that puts you in a deep sleep and numbs the body.  This is how sexual abuses occur and MDOC have inmates believe they need these psychotrophic medication.  These devises are used to create man made mental health symptoms and I was killed for the protection of knowing this information that lived longer than the others who figured this out.  This is how they sabotaged my court appeal.
>
> \*   \*   \*
>
> On Nov 23, 05 corrected office Duman was given orders by regional Director Meon to use a devise they have incased in bellamy creek hollow boxshaped bunks. that devise was given the name death ray that radiates the same electrically charged microray particles or positive charged protons like that in a radiology machine used to burn tumors that radiates a wider ray that lit-erlly fry damaging several motor

>organs and tissues causing them to malfunction and shut down making it impossible to correct, this is form in which it was designed its primary purp-ose was designed to do nothing but "kill" whether fast or slow it accomplishes that. This is also being used to create man made mental health symptoms. it can put you into a vegetable state as well . . . .

Compl. at 2, 3. Because Plaintiff's allegations clearly are delusional, his action should be dismissed as frivolous.[1] *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) because it is frivolous. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

---

[1] This Court also notes that Plaintiff filed a prior § 1983 action in *Prince v. MDOC*, No. 1:05-cv-854, 2006 WL 278461 (W.D. Mich. Feb. 3, 2006), which was dismissed as frivolous because Plaintiff's claims were also clearly delusional.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: June 13, 2007            /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).